UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY WIGGINS,

    Plaintiff,

v.                                             Case No: 8:14-cv-2434-T-36MAP

BAYCARE HEALTH SYSTEM, INC.,
BAYCARE BEHAVIORAL HEALTH,
INC. and MORTON PLANT MEASE
HEALTH CARE, INC.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Defendants BayCare Health System, Inc. ("BayCare"), BayCare Behavioral Health, Inc., and Morton Plant Mease Health Care, Inc.'s (collectively "Defendants") Motion to Dismiss (Doc. 6). Plaintiff Shirley Wiggins ("Wiggins") filed a Notice of Non-Opposition to the Motion (Doc. 13). The Court, having considered the parties' submissions and being fully advised in the premises, will now GRANT Defendants' Motion to Dismiss.

### DISCUSSION

The Complaint alleges as follows[1]: at the time she brought this lawsuit, Wiggins was 62 years of age. (Doc. 1 "Compl.") ¶ 2. Wiggins first began working for Defendants in January 1973. After working there for over forty years, Defendants terminated Plaintiff's employment on or about May 29, 2013. *Id.* ¶¶ 15, 24. Wiggins filed the instant lawsuit alleging that she had been

---

[1] In ruling on Defendant's motion, the Court must accept as true the allegations of the Complaint. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

unlawfully terminated on the basis of her age. Wiggins' Complaint contains two counts: Count I alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"), and Count II alleges a violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, *et seq*. ("FCRA").

Defendants subsequently moved to dismiss the Complaint.  Defendants first argue that Wiggins' ADEA claim is barred because she failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Specifically, Defendants contend that Wiggins was required to submit a charge of discrimination on or before March 25, 2014, but that she did not file her charge until May 2014.  *See* 29 U.S.C. § 626(d)(1).  Defendants argue second that Wiggins' FCRA claim must also be dismissed because Wiggins has failed to allege that the Florida Commission on Human Relations ("FCHR") has made a reasonable cause determination or that 180 days have expired since the filing of her charge on May 29, 2014.  *See* Fla. Stat. § 760.11(8).

Wiggins has responded to Defendants' Motion to Dismiss with a Notice of Non-Opposition. Wiggins states that, after reviewing the Defendants' Motion to Dismiss and the filings of the EEOC and FCRA, she now consents to the dismissal of her ADEA claim with prejudice, and the dismissal of her FCRA claim without prejudice pending the outcome of the FCHR.

Accordingly, as Wiggins does not oppose Defendants' Motion to Dismiss, it is proper for the court to grant the Motion. *See Udo v. Lincare, Inc.*, Case No. 13-cv-1899, 2014 U.S. Dist. LEXIS 143584 (M.D. Fla. Oct. 7, 2014) (*adopted by* 2014 U.S. Dist. LEXIS 143369).

It is hereby **ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED.**

2. Count I of the Complaint is **DISMISSED, with prejudice.**

3. Count II of the Complaint is **DISMISSED, without prejudice.**

4. The Clerk is directed to terminate all pending motions and deadlines and to close this case.

**DONE AND ORDERED** in Tampa, Florida on April 9, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any